UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

DOREEN GRAY,                        )
                                    )
        Plaintiff                   )
                                    )
v.                                  )     No. 2:10-cv-467-DBH
                                    )
UNITED STATES OF AMERICA,           )
                                    )
        Defendant                   )


RECOMMENDED DECISION ON DEFENDANT'S MOTION FOR
PARTIAL JUDGMENT ON THE PLEADINGS
AND PLAINTIFF'S MOTION TO AMEND COMPLAINT

The defendant United States of America moves pursuant to Federal Rule of Civil Procedure 12(c) for partial judgment on the pleadings as to Count III of plaintiff Doreen Gray's complaint for lack of subject matter jurisdiction and, alternatively, for dismissal of Count III pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. *See* Partial Motion for Judgment on the Pleadings ("Motion for Judgment") (Docket No. 18) at 1. The plaintiff opposes that motion and, alternatively, moves to amend Count III of her complaint "to more fully describe all applicable sources of federal law." Plaintiff's Opposition to Defendant's Motion for Judgment on the Pleadings ("Opposition/Judgment") (Docket No. 20); Motion To Amend Count III of Complaint ("Motion To Amend") (Docket No. 21).[1] For the reasons that follow, I recommend that the court grant the defendant's motion and deny that of the plaintiff.

---

[1] The clerk's office and the defendant construed the plaintiff's one-sentence alternative request to be allowed leave to amend Count III of her complaint as a motion to do so. *See* Motion To Amend; Defendant's Opposition to Plaintiff's Motion for Leave To Amend Complaint ("Opposition/Amend") (Docket No. 28). The plaintiff protests
(*continued on next page*)

1

## I. Motion for Partial Judgment or To Dismiss

### A. Applicable Legal Standards

A party may move for judgment on the pleadings "[a]fter the pleadings are closed – but early enough not to delay trial[.]" Fed. R. Civ. P. 12(c). "The standard for evaluating a Rule 12(c) motion for judgment on the pleadings is essentially the same as that for deciding a Rule 12(b)(6) motion." *Pasdon v. City of Peabody*, 417 F.3d 225, 226 (1st Cir. 2005). "The trial court must accept all of the nonmovant's well-pleaded factual averments as true, and draw all reasonable inferences in his favor." *Id.* (citation and internal punctuation omitted). The facts may be drawn from the complaint, documents attached to or incorporated into the complaint, and matters susceptible to judicial notice. *Warren Freedenfeld Assoc.'s, Inc. v. McTigue*, 531 F.3d 38, 44 (1st Cir. 2008).

With respect to Rule 12(b)(6), as the Supreme Court has stated:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and internal punctuation omitted). This standard requires the pleading of "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads

---

that the Opposition/Amend is procedurally improper and premature because she never actually moved to amend her complaint or tendered a proposed amended complaint; rather, she intended to do so if the court granted the motion for partial judgment on the pleadings. *See* Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Leave To Amend Complaint ("Reply/Amend") (Docket No. 30) at 1-2. Nonetheless, the plaintiff did not timely protest the Clerk's Office's interpretation, *see* ECF Docket, and she joins issue in her reply brief with the points raised in the defendant's opposition to her purported motion, *see* Reply/Amend at 2-10. In the circumstances, no useful purpose would be served in permitting the plaintiff to file a more formal motion to amend Count III of her complaint.

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

## B. Factual Background

The complaint includes the following relevant factual allegations.

The plaintiff is an individual who resides in Standish, Maine. Complaint and Demand for Jury Trial ("Complaint") (Docket No. 1) ¶ 4. The United States Post Office in Sebago, Maine ("Sebago Post Office"), is a United States government entity. *Id.* ¶ 5. On January 2, 2009, the plaintiff was lawfully on the premises of the Sebago Post Office. *Id.* ¶ 6. At all material times, the plaintiff had handicapped automobile license plates, qualified as a disabled person under the Americans with Disabilities Act ("ADA"), had difficulty walking, and was entitled to a safe, accessible parking lot and walkways while at the post office. *Id.* ¶ 7.

On January 2, 2009, the plaintiff parked near the walkway at the Sebago Post Office to retrieve her mail. *Id.* ¶ 8. She slipped on the unreasonably dangerous, icy walkway and fell. *Id.* At all material times, she was in the exercise of due care. *Id.* ¶ 9. At all material times, the defendant owned, operated, managed, and maintained the subject areas at the Sebago Post Office. *Id.* ¶ 10. On January 2, 2009, the defendant breached its duty of care owed to the plaintiff by failing to provide reasonably safe premises. *Id.* ¶ 11. On January 2, 2009, the plaintiff suffered permanent injuries, including a fractured hip, as a result of the fall in the parking lot outside the Sebago Post Office premises. *Id.* ¶ 21.

The defendant negligently failed to provide the plaintiff with a reasonably safe entrance designed for the handicapped as required by the ADA. *Id.* ¶ 22. The defendant negligently failed to provide a reasonably safe and accessible walkway, in violation of the Uniform Federal Accessibility Standards ("UFAS"), promulgated pursuant to the ADA. *Id.* ¶ 23. By virtue of

those violations, the defendant unlawfully discriminated against the plaintiff and violated her civil rights. *Id*. ¶ 24.

The plaintiff states that the court has jurisdiction over the instant action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1). *Id*. ¶ 1. She prays for judgment, with damages, in an amount that is reasonable and just, together with interest, costs, punitive damages to the extent permitted by law, civil rights remedies pursuant to 28 U.S.C. § 1346, 42 U.S.C. § 12132 *et seq*., and 42 U.S.C. § 1983 *et seq*., reasonable attorney fees, and injunctive relief. *Id*. at 4.

### C. Discussion

As the defendant observes, *see* Motion for Judgment at 3, "the party invoking the jurisdiction of a federal court carries the burden of proving its existence[,]" *Skwira v. United States*, 344 F.3d 64, 71 (1st Cir. 2003) (citation and internal punctuation omitted). "It is elementary that the United States, as sovereign, is immune from suit unless it has consented to be sued." *Id*. at 72 (citation and internal quotation marks omitted). "While the concept of sovereign immunity has its origins in the English common law, the Supreme Court has recognized that sovereign immunity is also grounded in important public policy considerations." *Id*. (citations omitted). "Hence, any waiver of sovereign immunity cannot be implied but must be unequivocally expressed." *Id*. at 73 (citations and internal quotation marks omitted).

The plaintiff brings two negligence claims pursuant to the FTCA, Count I (Landowner/Occupier Liability) and Count II (Negligence), as well as a claim of violation of the ADA (Count III). *See* Complaint ¶¶ 12-25. In seeking dismissal of Count III, the defendant correctly notes that:

1. To the extent that the plaintiff might have been endeavoring, by way of Count III, to predicate her negligence claims on a violation of the standard of care set forth in the ADA/UFAS, she cannot do so. *See* Motion for Judgment at 4-5. The ADA itself provides no remedy for negligence, *See, e.g., Buchanan v. Maine*, 469 F.3d 158, 174-75 (1st Cir. 2006) (ADA provides no remedy for medical negligence). The FTCA does provide a remedy for negligence but waives the United States' sovereign immunity only to the extent that "the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred[,]" 28 U.S.C. § 1346(b), in this case, the law of Maine, *see, e.g., FDIC v. Meyer*, 510 U.S. 471, 478 (1994) ("[W]e have consistently held that § 1346(b)'s reference to the 'law of the place' means law of the State – the source of substantive liability under the FTCA."); *Sea Air Shuttle Corp. v. United States*, 112 F.3d 532, 536 (1st Cir. 1997) ("[T]he FTCA does not apply where the claimed negligence arises out of the failure of the United States to carry out a federal statutory duty in the conduct of its own affairs.") (citations and internal punctuation omitted).

2. To the extent that the plaintiff means to bring a direct claim pursuant to Title II of the ADA, which prohibits discrimination in the provision of services, programs, and activities by a "public entity," 42 U.S.C. § 12132, she cannot do so. *See* Motion for Judgment at 6-7. "The term 'public entity' means," *inter alia*, "any State or local government" or "any department, agency, special purpose district, or other instrumentality" thereof. 42 U.S.C. § 12131(1)(A)-(B). It does not apply to the federal government. *See, e.g., Cellular Phone Taskforce v. FCC*, 217 F.3d 72, 73 (2d Cir. 2000).

Accordingly, whether the defendant's motion is analyzed pursuant to the standards for judgment on the pleadings or failure to state a claim, the defendant demonstrates that the United

States has not waived its sovereign immunity with respect to either direct suit pursuant to Title II of the ADA or the use of ADA/UFAS standards in an FTCA action. Hence, the court lacks subject matter jurisdiction over Count III.

The plaintiff does not argue otherwise but, rather, complains that the defendant ignored other potential sources of subject matter jurisdiction. *See generally* Opposition/Judgment. She identifies these as (i) 28 U.S.C. § 1346(a)(2) and (ii) the UFAS, as expressly adopted by the United States Postal Service ("USPS") more than 27 years ago and authorized by the Architectural Barriers Act ("ABA"), 42 U.S.C. §§ 4151-57, and the Architectural and Transportation Barriers Compliance Board ("ATBCB") pursuant to section 502 of the Rehabilitation Act, 29 U.S.C. § 792(b)(3). *See id*. at 3-4. She denies that Count III fairly can be construed as a tort-based claim for money damages remediable solely pursuant to the FTCA, pointing out that her prayer for relief seeks, *inter alia*, injunctive relief and civil rights remedies. *See id*. at 4-5.

The problem for the plaintiff is that the allegations of her complaint are not sufficient to put the defendant fairly on notice that any of these alternative claims is made, as is required to meet even the simplified pleading standards of Federal Rule of Civil Procedure 8(a)(2) and thereby survive a motion to dismiss. *See, e.g., Burkett v. Booker*, No. Civ.A. 06-CV-161-KSF, 2006 WL 2583371, at *2 (E.D. Ky. Sept. 7, 2006) (mere reference to ABA in complaint, without any factual allegations or legal arguments that would explain how the act applied or was violated, failed to satisfy even the minimal pleading requirements of Federal Rule of Civil Procedure 8 and was grounds for dismissing claim); *DeFrees v. West*, 988 F. Supp. 1390, 1392 (D. Kan. 1997) (the complaint must provide "fair notice of what the plaintiff's claim is and the grounds upon which it rests"; if the complaint is "too general, then it will not provide fair notice

6

to the defendant"; "[a] court may not assume that . . . the defendant has violated laws in ways that plaintiff has not alleged") (citations and internal quotation marks omitted).

Although the complaint cites 28 U.S.C. § 1346, it expressly mentions only section 1346(b)(1), which embodies the FTCA, not section 1346(a)(2), the so-called "Little Tucker Act." *See* Complaint at 1, 3-4; *see also, e.g.*, *Berman v. United States*, 264 F.3d 16, 20-21 (1st Cir. 2001) (describing the Little Tucker Act, 28 U.S.C. § 1346(a)(2), as creating a limited waiver of sovereign immunity for non-tort money damages claims against the United States not exceeding $10,000 in amount). The complaint makes no reference to the Rehabilitation Act. *See generally* Complaint. Although the complaint does mention the UFAS, *see id*. ¶ 23, it does so in the context of the ADA. It describes the plaintiff as "a disabled person under the [ADA,]" *id*. ¶ 7, styles Count III as "Violation of the Americans with Disabilities Act[,] 42 U.S.C. § 12132, et seq.[,]" *id*. at 4, and alleges, in Count III, that the defendant "negligently failed to provide a reasonably safe and accessible walkway, in violation of the [UFAS], *promulgated pursuant to the ADA*[,]" *id*. ¶ 23 (emphasis added).

In sum, Count III of the complaint, fairly read, alleges only a claim pursuant to the ADA. For the reasons stated above, this court lacks subject matter over that claim, and Count III must be dismissed.

## II. Motion To Amend

### A. Applicable Legal Standards

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend should be granted in the absence of reasons "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The First Circuit has explained:

> A motion to amend a complaint will be treated differently depending on its timing and the context in which it is filed. . . . As a case progresses, and the issues are joined, the burden on a plaintiff seeking to amend a complaint becomes more exacting. Scheduling orders, for example, typically establish a cut-off date for amendments (as was apparently the case here). Once a scheduling order is in place, the liberal default rule is replaced by the more demanding "good cause" standard of Fed. R. Civ. P. 16(b). This standard focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent. Where the motion to amend is filed after the opposing party has timely moved for summary judgment, a plaintiff is required to show "substantial and convincing evidence" to justify a belated attempt to amend a complaint.

*Steir v. Girl Scouts of the USA*, 383 F.3d 7, 11-12 (1st Cir. 2004) (citations, internal quotation marks, and footnotes omitted).

The instant case was filed on November 10, 2010. *See* Complaint. The deadline for amending pleadings was April 1, 2011. *See* Scheduling Order (Docket No. 7) at 2. The discovery deadline was June 17, 2011, and the deadline for the filing of dispositive motions was July 8, 2011. *See id*. at 2-3. On July 8, 2011, the defendant filed its motion for partial judgment on the pleadings or, in the alternative, dismissal of Count III for failure to state a claim. *See* Motion for Judgment. The defendant filed no motion for summary judgment. *See* ECF Docket. The plaintiff filed her motion to amend, incorporated in her opposition to the defendant's motion, on July 21, 2011. *See* Docket No. 21.

The plaintiff correctly observes that, in this case, the appropriate standard is the "good cause" standard of Federal Rule Civil Procedure 16(b), the deadline for amending pleadings having passed, but the defendant not having moved for summary judgment. *See* Reply/Amend at 2-3 & n.3

8

## B. Factual Background

The plaintiff seeks to amend her complaint to more fully describe all applicable sources of federal law, not to add factual allegations. *See* Opposition/Judgment at 6; Reply/Amend at 10. Hence, for purposes of the motion to amend, her factual allegations are the same as those set forth in the context of consideration of the defendant's motion for judgment on the pleadings.

## C. Discussion

The defendant opposes the motion to amend on grounds, *inter alia*, that:

1. The plaintiff offers no justification whatsoever for her delay in moving to amend her complaint, particularly in view of the fact that the defendant placed her on notice as early as January 14, 2011, when it filed its answer and affirmative defenses, that the ADA did not apply to the USPS. *See* Opposition/Amend at 3-5; Affirmative Defenses, commencing on page 3 of Defendant's Answer (Docket No. 5), ¶ 14.

2. A claim under the ABA would be futile because (i) it is questionable whether the ABA provides a direct right of action against the defendant, (ii) the only operative allegation in the complaint concerns maintenance of the post office, not its design or construction, and (iii) the plaintiff cannot in good faith allege a violation of the UFAS in view of the fact that the Sebago Post Office was awarded a Certificate of Accessibility certifying its compliance with those standards. *See* Opposition/Amend at 7-9.

3. A claim under the Rehabilitation Act would be futile because the plaintiff cannot show that she was discriminated against solely by reason of her disability and, in any event, that she failed to exhaust her remedies with respect to any Rehabilitation Act claim. *See id*. at 9-11.

4. Amendment of Count III would prejudice the defendant, which would need to reopen discovery to inquire into the parameters of the plaintiff's claimed disability and the

9

alleged manner in which the defendant denied her access to the Sebago Post Office. *See id*. at 11-13. In addition, the defendant would likely need to engage an expert witness regarding the plaintiff's claimed disability and serve additional written discovery requests on the plaintiff regarding her new claims. *See id*. at 12.

The plaintiff rejoins that (i) any delay is attributable to the filing by the defendant, at the eleventh hour, of its partial motion for judgment on the pleadings, the filing of a motion to amend being premature unless and until the court granted the defendant's motion as to Count III, (ii) the Certificate of Accessibility, issued in 2001, is not conclusive of the question of whether the Sebago Post Office was in compliance with UFAS standards in January 2009, (iii) the UFAS requires slip-resistant surfaces and accessible routes, regardless of whether the alleged violation is a maintenance or design issue, (iv) the plaintiff exhausted her remedies with respect to assertion of a Rehabilitation Act claim, and (v) amendment of the complaint would not prejudice the defendant, which has known all along that the plaintiff alleged a violation of the UFAS and would require no new discovery. *See* Reply/Amend at 3-10.[2]

I agree with the defendant that the plaintiff cannot meet the applicable good cause standard for amendment of her complaint at this stage of the proceedings. That alone justifies denial of her motion. However, the motion alternatively should be denied because any Rehabilitation Act, ABA, or UFAS claim would be futile.

---

[2] The plaintiff evidently does not seek to amend her complaint to allege the Little Tucker Act, 28 U.S.C. § 1346(a)(1), as a basis for jurisdiction over Count III. *See generally* Reply/Amend. In any event, as the defendant pointed out in response to the plaintiff's invocation of the Little Tucker Act in her brief opposing the defendant's motion for judgment on the pleadings, *see* Opposition/Judgment at 1-2; Defendant's Reply Memorandum in Support of Partial Motion for Judgment on the Pleadings ("Reply/Judgment") (Docket No. 27) at 2, the Little Tucker Act is inapposite. The plaintiff describes Count III as seeking injunctive relief and other remedies apart from damages. *See* Reply/Amend at 8. The Little Tucker Act creates limited waivers of sovereign immunity for non-tort money damage claims against the United States not exceeding $10,000 in amount and does not provide for equitable relief. *See* 28 U.S.C. § 1346(a)(2); *Berman*, 264 F.3d at 20-21.

The plaintiff articulates no reason why, prior to filing her complaint, she could not have stated all potentially feasible grounds for subject matter jurisdiction over a claim predicated on asserted violations of the UFAS. Moreover, as the defendant notes, it raised as an affirmative defense, in an answer filed more than two months prior to the deadline for amendment of the pleadings, the nonapplicability of the ADA to the USPS. *See* Affirmative Defenses ¶ 14. Even had the defendant not put the plaintiff on notice of the vulnerability of Count III as framed, the plaintiff could not meet the "due diligence" standard in the circumstances presented. She seeks, subsequent to the close not only of the deadline for amending pleadings but also of both the discovery and dispositive motion deadlines, to allege bases for her Count III claim that seemingly could have been alleged when her complaint was filed. *See O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152, 155 (1st Cir. 2004) ("Rule 16(b)'s 'good cause' standard emphasized the diligence of the party seeking the amendment. . . . Indifference by the moving party seals off this avenue of relief irrespective of prejudice because such conduct is incompatible with the showing of diligence necessary to establish good cause.") (citations and internal punctuation omitted).

Even had the plaintiff met the "good cause" standard of Rule 16(b), she fails to successfully parry the defendant's arguments that her new causes of action would be futile.

As an initial matter, the UFAS do not, standing alone, provide a private right of action against the United States. *See, e.g., Jackson v. Federal Bureau of Prisons*, Civ. No. 06-1347 (MJD/RLE), 2007 WL 843839, at *20 (D. Minn. Mar. 16, 2007) (UFAS provide "for purely administrative remedies" and do "not state a cause of action separate from the ADA or the ABA"); *DeFrees*, 988 F. Supp. at 1393 ("The ADAAG [Americans with Disabilities Act Accessibility Guidelines] and the UFAS serve as standards by which to measure compliance with the requirements of the ADA, the Rehabilitation Act, and the Architectural Barriers Act of

1968 (ABA). As such, they do not appear to provide for separate and distinct causes of action apart from the relevant act. If either the ADAAG or the UFAS does grant a cause of action additional to those under the ADA, the Rehabilitation Act, and the ABA, it does so without waiving the sovereign immunity of the United States. . . . Plaintiff, therefore, cannot maintain a claim under either the ADAAG or the UFAS.").

As the defendant argues, *see* Opposition/Amend at 7-9, assertion of a claim pursuant to the ABA likewise would be futile. The ABA, on its face, provides no direct private right of action against the United States, *see* 42 U.S.C. §§ 4151-57, instead contemplating enforcement through administrative processes of the Architectural and Transportation Barriers Compliance Board ("ATBCB"), with final decisions of that body subject to judicial review, *see* 29 U.S.C. §§ 792(b)(1), (e). As the defendant contends, *see* Opposition/Amend at 8 (referencing Reply/Judgment at 3-4), better-reasoned caselaw has held, consistent with the language of the ABA, that it creates no direct private right of action, *see, e.g., Jackson*, 2007 WL 843839, at *20 (ABA provides "for purely administrative remedies"; "[i]t contains no waiver of sovereign immunity, nor does it provide for a private cause of action"); *Crowder v. True*, No. 95 C 4704, 1998 WL 42318, at *2 (N.D. Ill. Jan. 29, 1998) (compliance with the ABA is monitored by the ATBCB, which may investigate complaints, hold hearings, and issue administrative orders; if a complainant is dissatisfied with a final order of the ATBCB, he or she may bring suit under the provisions of the Administrative Procedure Act for judicial review).[3] The plaintiff does not

---

[3] The defendant acknowledges that some courts have at least "suggested" that the ABA provides a private right of action. *See* Reply/Judgment at 3 (citing *Rose v. United States Postal Serv.*, 774 F.2d 1355 (9th Cir. 1984); *Michigan Paralyzed Veterans of Am. v. Coleman*, 451 F. Supp. 7 (E.D. Mich. 1977)); *see also Rose*, 774 F.2d at 1356-57, 1361-62 (reversing, without consideration of whether the ABA conferred a private right of action on plaintiffs, the holding of the district court that the USPS had no duty to provide handicapped access to leased buildings under the ABA); *Coleman*, 451 F. Supp. at 9 & n.1 (holding, without consideration of whether the ABA conferred a private right of action, that plaintiffs failed to state a cause of action pursuant to 42 U.S.C. § 4152 [the ABA] because the word "facility" did not encompass mass transit vehicles). In the absence of any consideration of whether the ABA
(*continued on next page*)

allege that she filed a complaint with the ATBCB and that she appeals any final order of that body. *See generally* Complaint.

In addition, even assuming *arguendo* that the ABA did provide a private right of action and expressly waive the United States' sovereignty with respect to such an action, the contemplated claim would be futile because the plaintiff complains of the manner in which the walkway was maintained, not the manner in which it was designed, constructed, and/or altered. *See* 42 U.S.C. § 4155 ("Every building designed, constructed, or altered after the effective date of a standard issued under this chapter which is applicable to such building, shall be designed, constructed, or altered in accordance with such standard."); Uniform Federal Accessibility Standards, 49 Fed. Reg. 31528, 31528 (Aug. 7, 1984) (describing the UFAS as presenting "uniform standards for the design, construction, and alteration of buildings so that physically handicapped persons will have ready access to and use of them in accordance with the Architectural Barriers Act[.]").[4]

Finally, as the defendant points out, *see* Opposition/Amend at 9-11, the assertion of a claim predicated on the Rehabilitation Act also would be futile. The only potentially pertinent

---

conferred a private right of action or waived the United States' sovereign immunity, these cases cannot be considered persuasive authority for the proposition that it does.

[4] The plaintiff contends that the conditions of the Sebago Post Office walkway on January 2, 2009, violated sections of the UFAS/ADAAG that require the provision of accessible and slip-resistant walkways. *See* Opposition/Judgment at 3, Reply/Amend at 7; ADAAG, attached to Letter dated September 13, 2010, from Peter Clifford to Kimberly A. Herbst (Docket No. 30-1), Exh. 1 to Reply/Amend, §§ 4.3.2(1) ("At least one accessible route within the boundary of the site shall be provided from public transportation stops, accessible parking, and accessible passenger loading zones, and public streets or sidewalks to the accessible building entrance they serve.") (emphasis omitted); 4.5.1 ("Ground and floor surfaces along accessible routes and in accessible rooms and spaces including floors, walks, ramps, stairs, and curb ramps, shall be stable, firm, [and] slip-resistant[.]"). Yet, the plaintiff does not allege that the walkway in question was incorrectly designed, built, or altered but, rather, that it was rendered slippery on the day in question by reason of icy conditions. *See, e.g.*, Reply/Amend at 10; Complaint ¶ 8. Her allegations hence do not implicate the UFAS. *See, e.g., Kinney v. Yerusalim*, 9 F.3d 1067, 1072-74 (3$^d$ Cir. 1993) (noting that, for purposes of application of the UFAS and the ADAAG, "normal maintenance is not an alteration unless it affects the usability of the building or facility"; holding that, because the resurfacing of a street affected the street in ways integral to its purpose and involved more than minor repairs or maintenance, it qualified as an "alteration") (citation, internal punctuation, and emphasis omitted).

section of that act is Section 504, which prohibits the exclusion of any disabled individual from any federal or federally funded program or activity solely by reason of that individual's disability. *See* 29 U.S.C. § 794(a).[5] A claim under Section 504 would require the plaintiff to allege and prove, *inter alia*, that she was denied the services of the Sebago Post Office "solely by reason of her disability." *Lesley v. Hee Man Chie*, 250 F.3d 47, 52-53 (1st Cir. 2001) (citation and internal punctuation marks omitted). The plaintiff explains that the sole basis of any claim under a proposed amended Count III would be "whether, by reason of the icy conditions, the walkway was 'accessible' to disabled persons." Reply/Amend at 10; *see also* Complaint ¶ 8 (alleging that plaintiff slipped on "the unreasonably dangerous, icy walkway, and fell").

As the defendant argues, *see* Opposition/Amend at 10, an unreasonably dangerous, icy walkway, which is dangerous to the disabled and non-disabled alike, cannot form the predicate for a claim of disability discrimination pursuant to the Rehabilitation Act, *see, e.g., Ms. K v. City of South Portland*, 407 F. Supp.2d 290, 295-96 (D. Me. 2006) (plaintiff could not sustain either ADA or Rehabilitation Act claim predicated on fall sustained by her disabled child on icy sidewalk, which did not evidence the requisite intentional discrimination; "The icy sidewalk that led to [the child's] unfortunate injury constituted a hazard for the disabled and non-disabled alike, and did not rise to the level of a permanent barrier to the disabled.").

Accordingly, I recommend that the motion to amend be denied.

---

[5] In her opposition to the defendant's motion for judgment on the pleadings, the plaintiff cites *Dobbins v. Postmaster Gen. & CEO, U.S. Postal Serv.*, Civil No. 05-CV-140-B-W, 2007 WL 295215 (D. Me. Jan. 29, 2007) (rec. dec., *aff'd* Mar. 22, 2007), for the proposition that the Rehabilitation Act, which applies to the federal government, incorporates ADA standards by reference. *See* Opposition/Judgment at 5-6. *Dobbins* is distinguishable in that it considered whether the claimant, a former USPS employee, had generated a genuine issue of material fact regarding whether he USPS had terminated his employment because of his disability. *See Dobbins*, 2007 WL 295215, at *15.

## III. Conclusion

For the foregoing reasons, I recommend that the defendant's motion for judgment on the pleadings as to Count III be **GRANTED** and that the plaintiff's motion to amend Count III be **DENIED**.

*NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 31st day of October, 2011.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge